UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEREK W. STAUB,

                            Plaintiff,

               -vs-                                                          06-CV-98C(F)

JOHN E. HENSHAW,

                            Defendant.

---

This is an action in admiralty brought in accordance with the Limitation of Liability Act ("LOLA"), 46 U.S.C. App. § 181, *et seq*. Plaintiff Derek W. Staub seeks limitation of his liability pursuant to the LOLA with respect to a negligence action brought against him in state court by defendant John E. Henshaw involving a motorboat collision which occurred on the Niagara River in July 2005. Defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted under the LOLA. For the following reasons, defendant's motion is granted.

## BACKGROUND

As set forth in the complaint in this action, in the early morning hours of July 23, 2005, plaintiff and a companion, Scott Hitchcock, were traveling on the Niagara River in plaintiff's 1986 Checkmate Ambassador motorboat when plaintiff's boat collided with a 1986 Sea Ray Seville motorboat owned and operated by defendant Henshaw. In November 2005, Mr. Henshaw filed a lawsuit against plaintiff in New York State Supreme Court seeking compensatory and punitive damages as a result of plaintiff's alleged

negligent operation of his motorboat. Plaintiff answered the state court complaint and asserted several affirmative defenses, including limitation of liability pursuant to the LOLA–specifically, 46 U.S.C. App. § 183(a).[1]

Plaintiff then filed this action on February 13, 2006, seeking the benefit of the LOLA, and subsequently submitted to the court a notice of petition pursuant to 46 U.S.C. App. § 185.[2] Defendant now moves to dismiss the federal court complaint and petition for failure to state a claim upon which relief can be granted on the ground that plaintiff has failed to plead–and cannot prove–an essential element of a cause of action for limitation of liability under section 183(a), *i.e.*, that the loss, damage, or injury, by collision occurred without plaintiff's privity or knowledge.

---

[1]Section 183(a) provides:

> The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C. App. § 183(a).

[2]Section 185 provides:

> The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of [this chapter] and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this Appendix, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this Appendix. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.

46 U.S.C. App. § 185.

**DISCUSSION**

**1.      Standard for Dismissal under Rule 12(b)(6)**

Dismissal of a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is only appropriate when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The inquiry for the court "is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." *Id.* (citing *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998)). In making this inquiry, the court must assume the truth of well-pleaded factual allegations, and must draw all reasonable inferences in the plaintiff's favor. *Id.* (citing *E.E.O.C. v. Staten Island Sav. Bank*, 207 F.3d 144, 148 (2d Cir. 2000)).

In support of his motion to dismiss the complaint and petition in this case, defendant has submitted as an exhibit to his attorney's affidavit a copy of the accident report completed by the Erie County Sheriff's Department regarding the July 23, 2005 collision at issue. Plaintiff objects to this submission as evidence outside the pleadings, which would require the court "to treat the motion as one for summary judgment under Rule 56, giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent material." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

In this regard, it is well established that in ruling on a Rule 12(b)(6) motion to dismiss, the court may consider not just the facts stated in the complaint but also the

content of documents attached to the complaint as exhibits or incorporated in the complaint by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). Even if not attached or incorporated by reference, documents which are integral to the plaintiff's claim, and of which the plaintiff had notice, may be considered on a motion to dismiss. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *International Audiotext Network, Inc. v. American Tel. and Tel. Co.*, 62 F.3d 69, 73 (2d Cir. 1995). The court may also consider matters of public record, *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998), and matters of which judicial notice may be taken under Fed. R. Evid. 201. *Kramer*, 937 F.2d at 773. If the court wishes to consider any additional material, it must convert the Rule 12(b)(6) motion to a motion for summary judgment, and must give the parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6); *see Kramer, supra*.

As the following discussion demonstrates, the court need not consider any evidence outside the pleadings, and need not convert the motion to dismiss into a motion for summary judgment, because plaintiff has failed to plead facts sufficient to state a claim for limitation of liability under the LOLA.

**2.  The LOLA**

By its terms, the LOLA requires a plaintiff seeking limitation of liability to plead and prove the following:

1. that he has been sued for some loss, damage or injury;

2. that the loss, damage, or injury was without his privity or knowledge; and

    3.      that he wishes to claim the benefit of limitation of liability.

46 U.S.C. App. § 183(a); *see Colonial Sand & Stone Co., Inc. v. Muscelli*, 151 F.2d 884, 885 (2d Cir. 1945). While plaintiff has clearly pleaded facts indicating that he has been sued for damages by Mr. Henshaw in state court as a result of the motorboat collision (*see* Item 1, ¶¶ 7 & 8), and that he claims the benefit of limitation of liability provided in the LOLA (*see id.* at ¶ 9), plaintiff has failed to allege anywhere in his complaint that the collision occurred without his privity or knowledge, as that term is used in the statute. *See Petition of Bogan*, 103 F.Supp. 755, 758 (D. N.J. 1952) ("In the case of an individual owner, privity or knowledge used in the statute means some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury") (citing *Corytell v. Phipps*, 317 U.S. 406, 411 (1942)).

    Plaintiff contends that the "privity or knowledge" element is satisfied by the allegation in his federal complaint that he has valid defenses to defendant's state court negligence action (Item 1, ¶ 9). Plaintiff relies upon the matters set forth in his state court answer (attached as Ex. B to 5) which, for the purposes of the present motion, the court will assume is incorporated by reference in the federal complaint. In his answer, plaintiff states (among other things) that he was not negligent (Ninth Defense), and that "[a]ny injuries suffered by [Mr. Henshaw] occurred without [plaintiff]'s privity or knowledge" (Thirteenth Defense). However, asserting a valid defense to the state law negligence claim does not satisfy the LOLA's statutory requirement that a vessel owner seeking to limit his liability for the damages caused by a boating accident plead and prove his lack of knowledge or participation in the accident. *Cf. Colonial Sand*, 151 F.2d at 885 (the right to limitation of

liability is "quite separate" from the validity of the underlying negligence claim).

Plaintiff also contends that the case law jurisprudence establishes a two-step analysis for all LOLA actions.  Under this analysis, the court first considers (1) negligence or unseaworthiness, and then (2) the owner's privity or knowledge.  *See Estate of Muer v. Karbel*, 146 F.3d 410 (6th Cir. 1998); *In re Consolidation Coal Co.*, 123 F.3d 126 (3d Cir. 1997); *In re Beiswenger Enters. Corp.*, 86 F.3d 1032 (11th Cir. 1996); *In re Dammers*, 836 F.2d 750 (2d Cir. 1988); *In re Hercules Carriers, Inc.*, 768 F.2d 1558 (11th Cir. 1985); *In re Farrell Lines, Inc.*, 530 F.2d 7 (5th Cir. 1976); *In re Martell*, 742 F.Supp. 1147 (S.D.Fla. 1990).  However, as stated by the district court in *Complaint of Martin*, 18 F. Supp. 2d 126 (D.Mass. 1998), "[b]lind adherence to [this] two-step approach in all circumstances . . . ignores a claimant's important rights to a jury trial and to the full compliment [sic] of common law remedies available in state court." *Id*. at 128 (citing cases).  Thus, where no limitation of liability appears possible from the pleadings, "the wiser approach is for the court to consider the validity of Plaintiff's limitations claim prior to addressing the negligence issue." *Id.*

In *Martin*, the plaintiff admitted in his pleadings that he was the sole owner and operator of the vessel at the time of the accident.  The court stated that, "[i]f there was negligence in the operation of the vessel . . . , therefore, only Plaintiff could be liable for it.  In such an instance, either privity or knowledge exists, and limitation of liability must be denied." *Martin*, 18 F. Supp. 2d at 128; *see also Petition of Follett*, 172 F. Supp. 304, 305 (S.D.Tex. 1958) (owner who operates his own pleasure craft is not entitled to limit, as any occurrence would clearly be with his privity or knowledge).

Here, while plaintiff was careful to avoid alleging in the complaint whether he or his companion, Mr. Hitchcock, was operating plaintiff's boat when it collided with defendant's boat, plaintiff did state in his memorandum of law that he was operating the boat at the time of the occurrence (*see* Item 6, p. 2).  In addition, at least one court has held that the owner's presence on board the vessel at the time of a collision with another boat was sufficient "personal participation" in the occurrence to preclude limitation of liability in his favor under the LOLA, "since he was the owner and in complete charge of said boat.  Failure to exercise the duty of control, when present, is in itself 'privity or knowledge' so that the owner obviously loses the benefit of the limitation sought." *Petition of Howser*, 227 F. Supp. 81, 87-88 (W.D.N.C. 1964).

Accordingly, if there was any negligence in the operation of plaintiff's motorboat, only plaintiff could be found liable as either the operator or the owner in charge, and his "privity or knowledge" will prevent limitation of liability under the LOLA.  Assuming the facts pleaded as true and drawing all reasonable inferences in plaintiff's favor, it is beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to the relief offered by the LOLA, and that any attempt to cure this defect by amendment of the complaint would be futile.

## **CONCLUSION**

Based on the foregoing, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted, and the action is dismissed with prejudice.  The Clerk of the Court is directed to enter judgment in favor of defendant.

So ordered.

                                                \s\ John T. Curtin
                                                  JOHN T. CURTIN
                                          United States District Judge

Dated: June 5, 2006

p:\opinions\06-98.june0208dis